

**FILED & ENTERED**

**OCT 15 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

<u>**ORDER NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**THEODORE MAMMO AND MEAZA T. HAIMANOT,**<br><br>Debtors. | Case No. 2:14-bk-22127-RK<br><br>Chapter 7<br><br>**ORDER DENYING JOINT DEBTOR'S MOTION TO VACATE DISMISSAL AND REINSTATE CHAPTER 7 BANKRUPTCY CASE** |

Pending before the court is the Motion of Joint Debtor, Meaza T. Haimanot, to Vacate Dismissal and Reinstate Chapter 7 Bankruptcy Case Pursuant to Local Bankruptcy Rule 1017-2(c). Under Local Bankruptcy Rule 1017-2(c), the court may rule upon the motion without further notice or hearing pursuant to Local Bankruptcy Rule 9013-1(q). Having reviewed the moving papers, the court rules on the motion without further notice or hearing and denies the motion for the reasons stated herein.

By order entered on August 13, 2014, this Chapter 7 bankruptcy case was dismissed as to Joint Debtor Meaza T. Haimanot ("Joint Debtor") for failure to comply with 11 U.S.C. § 521(i)(3) for failure to file copies of payment advices (Docket No. 11). On October 7, 2015, more than one year later, Joint Debtor filed this motion to vacate the final order for dismissal of the bankruptcy case as to her and reinstate the Chapter 7 bankruptcy case as to her (Docket No. 25) (the "Motion").

Rule 60(b) of the Federal Rules of Civil Procedure, which made applicable to this bankruptcy case pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides, in pertinent part, that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) . . . excusable neglect . . . ." Joint Debtor seeks to vacate the final order for dismissal of the bankruptcy case as to her entered on August 13, 2014 based on her excusable neglect in failing to timely file a corrected document with the court. Even though the bankruptcy case proceeded as to the spouse, Debtor Theodore Mammo, eventually resulting in entry of a discharge for him, the order of dismissal as to Joint Debtor was a final order as to Joint Debtor because under 11 U.S.C. § 302, the filing of a joint bankruptcy case has procedural effect only as there are two separate debtors and two separate bankruptcy estates, one for each debtor, in a joint case, which are jointly administered, but not substantively consolidated. 11 U.S.C. § 302; *In re Arnold,* 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983)(citations omitted); *see also,* 2 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 302.01 at 302-3 (16th ed. 2015), *citing inter alia, In re Reider,* 31 F.3d 1102 (11th Cir. 1994).

However, under Rule 60(c) of the Federal Rules of Civil Procedure, such a motion under Rule 60(b)(1) cannot be filed "more than a year after the entry of the judgment or order or the date of the proceeding." Joint Debtor's Motion was filed on October 7, 2015, which was more than a year after the final order dismissing the bankruptcy case as to her was entered on August 13, 2014, and is thus barred under Rule 60(c), which is subject to a one year time limit. Thus, the court may not grant the Motion due to this time bar, notwithstanding Local Bankruptcy Rule 1017-2(c), as recognized by

///

1  Local Bankruptcy Rule 1001-1(b) that the Local Bankruptcy Rules are to be construed consistent
2  with, and subordinate to, the Federal Rules of Bankruptcy Procedure and the Federal Rules of
3  Civil Procedure.

    Based on the foregoing reasons,

    IT IS HEREBY ORDERED that the Motion is DENIED.

###

Date: October 15, 2015

_____
Robert Kwan
United States Bankruptcy Judge